Chant Yedalian, State Bar No. 222325
(chant@chant.mobi)
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA POTIKYAN, on behalf of herself and all others similarly situated, | Case No. **CV 14 - 03233 PA (CWx)** |
| Plaintiff, | **COMPLAINT, CLASS ACTION** |
| v. | [15 U.S.C. §§ 1681 *et seq.*] |
| ICE SPECIALTY ENTERTAINMENT, INC., and DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, by her counsel of record, brings this action on her own behalf and on behalf of all others similarly situated, and alleges the following upon personal knowledge, or where there is not personal knowledge, upon information and belief:

### INTRODUCTION

1.      In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.  In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft.  A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs.  With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

2.      A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act), provides that:

> "**no person** that accepts credit cards or debit cards for the transaction of business **shall print** more than the last 5 digits of the card number or **the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

3.      The law gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.  Although ICE SPECIALTY ENTERTAINMENT, INC. and the other defendants herein had up to three years to comply, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit and debit card fraud by printing the expiration date of the card, the name of the cardholder, the brand of the card (i.e., Visa, etc.), and the last four digits of the card on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4.      This is a direct violation of FACTA. As the Ninth Circuit has

explained: "In fashioning FACTA, Congress aimed to 'restrict the amount of information available to identity thieves.'   149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby)." *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010).

5.     Plaintiff on behalf of herself and all others similarly situated brings this action against ICE SPECIALTY ENTERTAINMENT, INC. and DOES 1 through 10 (collectively referred to as "Defendants") based on Defendants' violations of 15 U.S.C. §§ 1681 *et seq.*

6.     Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorney fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*, for Defendants' unlawful practice of violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## JURISDICTION AND VENUE

7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168lp.

8.     Plaintiff's claims asserted herein arose in this judicial district and all Defendants do business in and reside in this judicial district.

9.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that ICE SPECIALTY ENTERTAINMENT, INC. has done and continues to do business, and intentionally avails itself of the markets within this district, it owns, manages, maintains and or operates one or more physical facilities within this district, and this is a class action case in which a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

//

## **PARTIES**

10.   Plaintiff, ANGELA POTIKYAN, is and at all times relevant hereto was a resident of the State of California.

11.   Defendant ICE SPECIALTY ENTERTAINMENT, INC. is a corporation organized and existing under the laws of the State of California.  ICE SPECIALTY ENTERTAINMENT, INC. owns, manages, maintains and or operates physical facilities, including ice rink and ice skating facilities, and offers various goods and services for sale to the public.

12.   At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

13.   Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

## **CLASS ACTION ALLEGATIONS**

14.   Plaintiff brings this class action on behalf of herself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

15.   The class which Plaintiff seeks to represent is defined as:

All consumers to whom Defendants, within two years from the date

1   of filing this action, provided an electronically printed receipt at the

2   point of a sale or transaction at any ice skating, ice rink or other

3   retail facility in the United States, on which receipt Defendants

4   printed the expiration date of the consumer's credit card or debit card

5   (the "CLASS").

6   16.   Excluded from the CLASS are Defendants and their directors,

7   officers and employees.

8   17.   Numerosity (Fed. R. Civ. P. 23(a)(1)):  The CLASS is so numerous

9   that joinder of all individual members in one action would be impracticable.  The

10  disposition of their claims through this class action will benefit both the parties

11  and this Court.

12  18.   Plaintiff is informed and believes and thereon alleges that there are,

13  at a minimum, thousands (*i.e.*, two thousand or more) of members that comprise

14  the CLASS.

15  19.   The exact size of the CLASS and identities of individual members

16  thereof are ascertainable through Defendants' records, including but not limited

17  to Defendants' sales and transaction records.

18  20.   Members of the CLASS may be notified of the pendency of this

19  action by techniques and forms commonly used in class actions, such as by

20  published notice, e-mail notice, website notice, first-class mail, or combinations

21  thereof, or by other methods suitable to this class and deemed necessary and or

22  appropriate by the Court.

23  21.   Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of

24  the claims of the entire CLASS.  The claims of Plaintiff and members of the

25  CLASS are based on the same legal theories and arise from the same unlawful

26  conduct.

27  //

28

-5-   COMPLAINT AND DEMAND FOR JURY TRIAL

22.   Plaintiff and members of the CLASS were each customers of Defendants, each having made a purchase or transacted other business with Defendants within two years from the date of filing this action, using a credit and or debit card.  At the point of such sale or transaction with Plaintiff and members of the CLASS, Defendants provided to Plaintiff and each member of the CLASS a receipt in violation of 15 U.S.C. §1681c(g) (*i.e.*, a receipt on which is printed the expiration date of the credit card or debit card).

23.   <u>Common Questions of Fact and Law</u> (Fed. R. Civ. P. 23(a)(2) and (b)(3)):  There are a well-defined community of interest and common questions of fact and law affecting the members of the CLASS.

24.   The questions of fact and law common to the CLASS predominate over questions which may affect individual members and include the following:

(a)   Whether Defendants' conduct of providing Plaintiff and the CLASS with sales or transaction receipts whereon Defendants printed the expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§ 1681 *et seq.*;

(b)   Whether Defendants' conduct was willful; and

(c)   Whether Plaintiff and the CLASS are entitled to statutory damages, punitive damages, costs and or attorney fees for Defendants' acts and conduct.

25.   <u>Adequacy of Representation</u> (Fed. R. Civ. P. 23(a)(4)):  Plaintiff is an adequate representative of the CLASS because her interests do not conflict with the interests of the CLASS which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the CLASS and has no interests antagonistic to the CLASS.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

26.   <u>Superiority</u> (Fed. R. Civ. P. 23(b)(1) and 23(b)(3)):  A class action is superior to other available means for the fair and efficient adjudication of the claims of the CLASS.  While the aggregate damages which may be and if awarded to the CLASS are likely to be substantial, the actual damages suffered by individual members of the CLASS are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the CLASS to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation already commenced by or against any member of the CLASS concerning Defendants' printing of the credit or debit card expiration date on customer receipts.  The likelihood of individual CLASS members prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the CLASS.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## **FIRST CAUSE OF ACTION**
### **For Violation of 15 U.S.C. §§ 1681 *et seq.*
### (On Behalf of Plaintiff and the CLASS
### as against all Defendants including DOES 1 through 10)**

27.   Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

28.   Plaintiff asserts this claim on behalf of herself and the CLASS

against Defendants and each of them.

29.   Title 15 U.S.C. § 1681c(g)(1) provides that:

"**no person** that accepts credit cards or debit cards for the transaction of business **shall print** more than the last 5 digits of the card number or **the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

30.   By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" after December 3, 2006 (15 U.S.C. § 1681c(g)(3)).

31.   Defendants transact business in the United States and accept credit cards and or debit cards in the course of transacting business with persons such as Plaintiff and members of the CLASS.  In transacting such business, Defendants use cash registers and or other machines or devices that electronically print receipts for credit card and or debit card transactions.

32.   After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with Plaintiff ANGELA POTIKYAN, provided Plaintiff ANGELA POTIKYAN with one or more electronically printed receipts on each of which Defendants printed the expiration date of her credit card or debit card, Plaintiff's name, the brand of the card (i.e., Visa, etc.), and the last four digits of the card number.

33.   After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with members of the CLASS, provided each member of the CLASS with one or more electronically printed receipts on each of which Defendants printed, for each respective CLASS member, the expiration date of the credit card or debit card, the cardholder's name, the brand of the card (i.e., Visa, etc.), and the last four digits of the card

number.

34.     As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

35.     Defendants and each of them knew of and were well informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates.

36.     For example, but without limitation, several years ago, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other devices for the processing of credit or debit card payments, companies that sell software to operate payment card devices, companies that maintain and repair hardware or software used to process payment card transactions, and other entities informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

37.     Other entities, including but not limited to Defendants' merchant bank (also known as the acquiring bank or acquirer) which processes credit and debit card payments for transactions occurring at Defendants' facilities, likewise informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

38.     In addition, many companies such as VISA and MasterCard devised

and implemented policies well before the operative date of FACTA's requirements, wherein such policies VISA, MasterCard and others required Defendants (and informed Defendants of the requirements) to truncate credit and debit card numbers and prevent the printing of expiration dates on receipts.  In addition, these companies also publically announced some of these requirements. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publically announced Visa USA's new truncation policy to protect consumers from identity theft.   At the March 2003 press conference, Mr. Pascarella explained, as follows:

"Today, I am proud to announce an additional measure to combat identity theft and protect consumers.  Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts.  **The card's expiration date will be eliminated from receipts altogether.**  This is an added security measure for consumers that doesn't require any action by the cardholder.  We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts.

**The first phase of this new policy goes into effect July 1, 2003 for all new terminals.** I would like to add, however, that even before this policy goes into effect, **many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began together several years ago**.

Receipt truncation is good news for consumers, and bad news for identity thieves.  Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment

account numbers, addresses, Social Security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access." (Statements made by VISA USA's CEO, Carl Pascarella at a March 6, 2003 press conference held at Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy.)

39.     Moreover, the Government, through the Federal Trade Commission ("FTC"), provided notice to businesses on no less than three separate occasions in 2007 reminding them of the requirement to truncate credit and debit card information on receipts.  Defendants were informed of and knew about these notices from the FTC.  In one such notice, entitled "FTC Business Alert" "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," and dated May 2007, the FTC reminded businesses, among other things, of the following:

"What's on the credit and debit card receipts you give your customers?  The Federal Trade Commission (FTC), the nation's consumer protection agency, says it's time for companies to check their receipts and make sure they're complying with a law that's been in effect for all businesses since December 1, 2006.

According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information.  You may include no more than the last five digits of the card number, **and you must delete the card's expiration date**. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT:***********12345

EXP:****

Why is it important for businesses to make sure they're complying with this law?  Credit card numbers on sales receipts are a "golden ticket" for fraudsters and identity thieves.   Savvy businesses appreciate the importance of protecting their customers — and themselves — from credit card crime."

40.    Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had over three years to comply with FACTA's requirements, Defendants and each of them knowingly willfully, intentionally, and recklessly violated FACTA's requirements by, *inter alia*, printing the expiration date of the credit card or debit card, the name of the cardholder, the brand of the card (i.e., Visa, etc.), and the last four digits of the card number, upon the receipts provided to the cardholders with whom they transact business.

41.    Defendants' business peers and competitors brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example, doing things such as programming their card machines and devices to prevent them from printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

42.    Instead, Defendants knowingly, willfully, intentionally, and recklessly disregarded FACTA's requirements and used cash registers and or other machines or devices that printed receipts in violation of FACTA.

43.    Defendants knowingly, willfully, intentionally, and recklessly violated FACTA in conscious disregard of the rights of Plaintiff and the CLASS.

44.    Defendants have also harmed Plaintiff and the CLASS by exposing

them to at least an increased risk of identity theft and credit and or debit card fraud.

45.     As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the CLASS in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation.  (15 U.S.C. § 1681n.)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1.     An order certifying the CLASS and appointing Plaintiff as the representative of the CLASS, and appointing counsel of record for Plaintiff as counsel for the CLASS;

2.     An award to Plaintiff and the CLASS of statutory damages pursuant to 15 U.S.C. § 1681n for Defendants' willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

3.     An award to Plaintiff and the CLASS of punitive damages pursuant to 15 U.S.C. § 1681n  (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

4.     Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n;

5.     Payment of reasonable attorney's fees pursuant to, *inter alia*, 15 U.S.C. § 1681n; and

6.     For such other and further relief as the Court may deem proper.

Dated: _**April 2**____, 2014          CHANT & COMPANY
                                       A Professional Law Corporation

                                       By: _____
                                           CHANT YEDALIAN
                                           Counsel for Plaintiff

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury on all claims so triable.

3

4  Dated: _April 2_, 2014                       CHANT & COMPANY
                                                A Professional Law Corporation
5
                                                By: _____
6                                                   CHANT YEDALIAN
                                                    Counsel for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| ANGELA POTIKYAN, on behalf of herself and all others similarly situated | ICE SPECIALTY ENTERTAINMENT, INC., and DOES 1 through 10, inclusive |

| (b) County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| Chant Yedaiian, State Bar No. 222325 , (chant@chant.mobi) CHANT & COMPANY A PROFESSIONAL LAW CORPORATION 1010 N. Central Ave., Glendale, CA 91202 Phone: 877.574.7100, Fax: 877.574.9411 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. §§ 1681 et seq., Fair Credit Reporting Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | **CV 14 - 03233 PA (CWx)** |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes [x] No | [ ] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes [x] No | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

**C.1. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN DIVISION |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**     DATE: April 23, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Percy Anderson_____ and the assigned Magistrate Judge is _____Carla Woehrle_____ .

The case number on all documents filed with the Court should read as follows:

### CV 14-03233 PA (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____April 28, 2014_____
Date

By  D. Vo
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES