1  Chant Yedalian, State Bar No. 222325
   (chant@chant.mobi)
2  CHANT & COMPANY
   A Professional Law Corporation
3  1010 N. Central Ave.
   Glendale, CA 91202
4  Phone: 877.574.7100
   Fax: 877.574.9411
5
   Counsel for Plaintiff
6

7

8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11
   ANGELA POTIKYAN, on behalf of )   Case No. CV14-03233 PA (CWx)
12 herself and all others similarly  )
   situated,                         )
13                                    )   **FIRST AMENDED COMPLAINT**
                        Plaintiff,    )   **CLASS ACTION**
14                                    )
   v.                                 )   [15 U.S.C. §§ 1681 *et seq.*]
15                                    )
   ICE SPECIALTY                      )
16 ENTERTAINMENT, INC.;               )
   ICE SKATING ENTERPRISES,           )
17 INC.; and DOES 2 through 10,       )   **DEMAND FOR JURY TRIAL**
   inclusive,                         )
18                                    )
                        Defendants.   )
19 _____)

20

21

22

23
           Plaintiff, by her counsel of record, brings this action on her own behalf and
24
   on behalf of all others similarly situated, and alleges the following upon personal
25
   knowledge, or where there is not personal knowledge, upon information and
26
   belief:
27

28
                                                    -1-   FIRST AMENDED COMPLAINT AND
                                                          DEMAND FOR JURY TRIAL

## INTRODUCTION

1.      In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.  In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft.  A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs.  With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

2.      A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act), provides that:

> "**no person** that accepts credit cards or debit cards for the transaction of business **shall print** more than the last 5 digits of the card number or **the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

3.      The law gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.   Although ICE SPECIALTY ENTERTAINMENT, INC., ICE SKATING ENTERPRISES, INC., and the other defendants herein had up to three years to comply, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit and debit card fraud by printing the expiration date of the card, the name of the cardholder, the brand of the card (i.e., Visa, etc.), and the last four digits of the card on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4.      This is a direct violation of FACTA. As the Ninth Circuit has

---

FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

1    explained: "In fashioning FACTA, Congress aimed to 'restrict the amount of
2    information available to identity thieves.'   149 Cong. Rec. 26,891 (2003)
3    (statement of Sen. Shelby)." *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d
4    708, 718 (9th Cir. 2010).

5         5.    Plaintiff on behalf of herself and all others similarly situated brings
6    this action against ICE SPECIALTY ENTERTAINMENT, INC., ICE SKATING
7    ENTERPRISES, INC., and DOES 2 through 10 (collectively referred to as
8    "Defendants") based on Defendants' violations of 15 U.S.C. §§ 1681 *et seq.*

9         6.    Plaintiff seeks, on behalf of herself and the class, statutory damages,
10   punitive damages, costs and attorney fees, all of which are expressly made
11   available by statute, 15 U.S.C. §§ 1681 *et seq.*, for Defendants' unlawful practice
12   of violating FACTA's provisions intended to safeguard against identity theft and
13   credit and debit card fraud.

14

15                          **JURISDICTION AND VENUE**

16        7.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §
17   1331 and 15 U.S.C. § 168lp.

18        8.    Plaintiff's claims asserted herein arose in this judicial district and all
19   Defendants do business in and reside in this judicial district.

20        9.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)
21   and (c) in that ICE SPECIALTY ENTERTAINMENT, INC. and ICE SKATING
22   ENTERPRISES, INC. have done and continue to do business, and intentionally
23   avail themselves of the markets within this district, they own, manage, maintain
24   and or operate one or more physical facilities within this district, and this is a
25   class action case in which a substantial part of the acts and omissions giving rise
26   to the claims occurred within this judicial district.

27   //

28

**PARTIES**

10.     Plaintiff, ANGELA POTIKYAN, is and at all times relevant hereto was a resident of the State of California.

11.     Defendant ICE SPECIALTY ENTERTAINMENT, INC. is a corporation organized and existing under the laws of the State of California.  ICE SPECIALTY ENTERTAINMENT, INC. owns, manages, maintains and or operates physical facilities, including ice rink and ice skating facilities, and offers various goods and services for sale to the public.

12.     Defendant ICE SKATING ENTERPRISES, INC. is a corporation organized and existing under the laws of the State of California.  ICE SKATING ENTERPRISES, INC. owns, manages, maintains and or operates physical facilities, including ice rink and ice skating facilities, and offers various goods and services for sale to the public.

13.     At all times mentioned in this First Amended Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

14.     Plaintiff does not know the true names and capacities of defendants sued herein as DOES 2 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein.  Plaintiff will amend this First Amended complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

//

## CLASS ACTION ALLEGATIONS

15.    Plaintiff brings this class action on behalf of herself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

16.    The class which Plaintiff seeks to represent is defined as:

All consumers to whom Defendants, within two years from the date of filing this action, provided an electronically printed receipt at the point of a sale or transaction at any ice skating, ice rink or other retail facility in the United States, on which receipt Defendants printed the expiration date of the consumer's credit card or debit card (the "CLASS").

17.    Excluded from the CLASS are Defendants and their directors, officers and employees.

18.    Numerosity (Fed. R. Civ. P. 23(a)(1)):  The CLASS is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of their claims through this class action will benefit both the parties and this Court.

19.    Plaintiff is informed and believes and thereon alleges that there are, at a minimum, thousands (*i.e.*, two thousand or more) of members that comprise the CLASS.

20.    The exact size of the CLASS and identities of individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

21.    Members of the CLASS may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and or

1    appropriate by the Court.

2        22.    <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of

3    the claims of the entire CLASS.  The claims of Plaintiff and members of the

4    CLASS are based on the same legal theories and arise from the same unlawful

5    conduct.

6        23.    Plaintiff and members of the CLASS were each customers of

7    Defendants, each having made a purchase or transacted other business with

8    Defendants within two years from the date of filing this action, using a credit and

9    or debit card.  At the point of such sale or transaction with Plaintiff and members

10   of the CLASS, Defendants provided to Plaintiff and each member of the CLASS

11   a receipt in violation of 15 U.S.C. §1681c(g) (*i.e.*, a receipt on which is printed

12   the expiration date of the credit card or debit card).

13       24.    <u>Common Questions of Fact and Law</u> (Fed. R. Civ. P. 23(a)(2) and

14   (b)(3)):  There are a well-defined community of interest and common questions

15   of fact and law affecting the members of the CLASS.

16       25.    The questions of fact and law common to the CLASS predominate

17   over questions which may affect individual members and include the following:

18           (a)    Whether Defendants' conduct of providing Plaintiff and the

19   CLASS with sales or transaction receipts whereon Defendants printed the

20   expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§

21   1681 *et seq.*;

22           (b)    Whether Defendants' conduct was willful; and

23           (c)    Whether Plaintiff and the CLASS are entitled to statutory

24   damages, punitive damages, costs and or attorney fees for Defendants' acts and

25   conduct.

26       26.    <u>Adequacy of Representation</u> (Fed. R. Civ. P. 23(a)(4)):  Plaintiff is

27   an adequate representative of the CLASS because her interests do not conflict

28

with the interests of the CLASS which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the CLASS and has no interests antagonistic to the CLASS.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

27.   <u>Superiority</u> (Fed. R. Civ. P. 23(b)(1) and 23(b)(3)):  A class action is superior to other available means for the fair and efficient adjudication of the claims of the CLASS.  While the aggregate damages which may be and if awarded to the CLASS are likely to be substantial, the actual damages suffered by individual members of the CLASS are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the CLASS to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation already commenced by or against any member of the CLASS concerning Defendants' printing of the credit or debit card expiration date on customer receipts.  The likelihood of individual CLASS members prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the CLASS.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

//

//

//

**FIRST CAUSE OF ACTION**

**For Violation of 15 U.S.C. §§ 1681 *et seq.***

**(On Behalf of Plaintiff and the CLASS**

**as against all Defendants including DOES 2 through 10)**

28.    Plaintiff hereby incorporates by reference the allegations contained in this First Amended Complaint.

29.    Plaintiff asserts this claim on behalf of herself and the CLASS against Defendants and each of them.

30.    Title 15 U.S.C. § 1681c(g)(1) provides that:

"**no person** that accepts credit cards or debit cards for the transaction of business **shall print** more than the last 5 digits of the card number or **the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

31.    By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" after December 3, 2006 (15 U.S.C. § 1681c(g)(3)).

32.    Defendants transact business in the United States and accept credit cards and or debit cards in the course of transacting business with persons such as Plaintiff and members of the CLASS.  In transacting such business, Defendants use cash registers and or other machines or devices that electronically print receipts for credit card and or debit card transactions.

33.    After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with Plaintiff ANGELA POTIKYAN, provided Plaintiff ANGELA POTIKYAN with one or more electronically printed receipts on each of which Defendants printed the expiration date of her credit card or debit card, Plaintiff's name, the brand of the

1   card (i.e., Visa, etc.), and the last four digits of the card number.

2        34.    After December 3, 2006, and within two years from the date of filing

3   this action, Defendants, at the point of a sale or transaction with members of the

4   CLASS, provided each member of the CLASS with one or more electronically

5   printed receipts on each of which Defendants printed, for each respective CLASS

6   member, the expiration date of the credit card or debit card, the cardholder's

7   name, the brand of the card (i.e., Visa, etc.), and the last four digits of the card

8   number.

9        35.    As set forth above, FACTA was enacted in 2003 and gave merchants

10  who accept credit and or debit cards up to three years to comply with its

11  requirements, requiring full compliance with its provisions no later than

12  December 4, 2006.

13       36.    Defendants and each of them knew of and were well informed about

14  the law, including specifically FACTA's requirements concerning the truncation

15  of credit and debit card numbers and prohibition on the printing of expiration

16  dates.

17       37.    For example, but without limitation, several years ago, VISA,

18  MasterCard, the PCI Security Standards Council (a consortium founded by VISA,

19  MasterCard, Discover, American Express and JCB), companies that sell cash

20  register and other devices for the processing of credit or debit card payments,

21  companies that sell software to operate payment card devices, companies that

22  maintain and repair hardware or software used to process payment card

23  transactions, and other entities informed Defendants and each of them about

24  FACTA, including its specific requirements concerning the truncation of credit

25  and debit card numbers and prohibition on the printing of expiration dates, and

26  Defendants' need to comply with same.

27       38.    Other entities, including but not limited to Defendants' merchant

28

-9-    FIRST AMENDED COMPLAINT AND
       DEMAND FOR JURY TRIAL

1   bank (also known as the acquiring bank or acquirer) which processes credit and
2   debit card payments for transactions occurring at Defendants' facilities, likewise
3   informed Defendants and each of them about FACTA, including its specific
4   requirements concerning the truncation of credit and debit card numbers and
5   prohibition on the printing of expiration dates, and Defendants' need to comply
6   with same.

7          39.    In addition, many companies such as VISA and MasterCard devised
8   and implemented policies well before the operative date of FACTA's
9   requirements, wherein such policies VISA, MasterCard and others required
10  Defendants (and informed Defendants of the requirements) to truncate credit and
11  debit card numbers and prevent the printing of expiration dates on receipts.  In
12  addition, these companies also publically announced some of these requirements.
13  For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press
14  conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon
15  Corzine and Patrick Leahy, and publically announced Visa USA's new truncation
16  policy to protect consumers from identity theft.  At the March 2003 press
17  conference, Mr. Pascarella explained, as follows:

18          "Today, I am proud to announce an additional measure to
19          combat identity theft and protect consumers.  Our new receipt
20          truncation policy will soon limit cardholder information on receipts
21          to the last four digits of their accounts.  **The card's expiration date**
22          **will be eliminated from receipts altogether.**  This is an added
23          security measure for consumers that doesn't require any action by
24          the cardholder.  We are proud to be the first payments brand to
25          announce such a move to protect cardholders' identities by
26          restricting access to their account information on receipts.
27          **The first phase of this new policy goes into effect July 1,**
28

-10-    FIRST AMENDED COMPLAINT AND
        DEMAND FOR JURY TRIAL

1    **2003 for all new terminals.**  I would like to add, however, that even

2    before this policy goes into effect, **many merchants have already**

3    **voluntarily begun truncating receipts, thanks to groundwork**

4    **that we began together several years ago**.

5         Receipt truncation is good news for consumers, and bad news

6    for identity thieves.  Identity thieves thrive on discarded receipts and

7    documents containing consumers' information such as payment

8    account numbers, addresses, Social Security numbers, and more.

9    Visa's new policy will protect consumers by limiting the information

10   these thieves can access."  (Statements made by VISA USA's CEO,

11   Carl Pascarella at a March 6, 2003 press conference held at Capitol

12   Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and

13   Patrick Leahy.)

14        40.    Moreover, the Government, through the Federal Trade Commission

15   ("FTC"), provided notice to businesses on no less than three separate occasions

16   in 2007 reminding them of the requirement to truncate credit and debit card

17   information on receipts.  Defendants were informed of and knew about these

18   notices from the FTC.  In one such notice, entitled "FTC Business Alert" "Slip

19   Showing? Federal Law Requires All Businesses to Truncate Credit Card

20   Information on Receipts," and dated May 2007, the FTC reminded businesses,

21   among other things, of the following:

22        "What's on the credit and debit card receipts you give your

23        customers?  The Federal Trade Commission (FTC), the nation's

24        consumer protection agency, says it's time for companies to check

25        their receipts and make sure they're complying with a law that's

26        been in effect for all businesses since December 1, 2006.

27        According to the federal Fair and Accurate Credit Transaction

28

Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information.  You may include no more than the last five digits of the card number, **and you must delete the card's expiration date**. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT:***********12345

EXP:****

Why is it important for businesses to make sure they're complying with this law?  Credit card numbers on sales receipts are a "golden ticket" for fraudsters and identity thieves.   Savvy businesses appreciate the importance of protecting their customers — and themselves — from credit card crime."

41.    Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had over three years to comply with FACTA's requirements, Defendants and each of them knowingly willfully, intentionally, and recklessly violated FACTA's requirements by, *inter alia*, printing the expiration date of the credit card or debit card, the name of the cardholder, the brand of the card (i.e., Visa, etc.), and the last four digits of the card number, upon the receipts provided to the cardholders with whom they transact business.

42.    Defendants' business peers and competitors brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example, doing things such as programming their card machines and devices to prevent them from printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders.

-12-    FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

1  Defendants could have readily done the same.

2      43.     Instead, Defendants knowingly, willfully, intentionally, and

3  recklessly disregarded FACTA's requirements and used cash registers and or

4  other machines or devices that printed receipts in violation of FACTA.

5      44.     Defendants knowingly, willfully, intentionally, and recklessly

6  violated FACTA in conscious disregard of the rights of Plaintiff and the CLASS.

7      45.     Defendants have also harmed Plaintiff and the CLASS by exposing

8  them to at least an increased risk of identity theft and credit and or debit card

9  fraud.

10      46.     As a result of Defendants' willful violations of FACTA, Defendants

11  are liable to Plaintiff and each member of the CLASS in the statutory damage

12  amount of "not less than $100 and not more than $1,000" for each violation.  (15

13  U.S.C. § 1681n.)

14

15                          **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff prays for:

17      1.      An order certifying the CLASS and appointing Plaintiff as the

18  representative of the CLASS, and appointing counsel of record for Plaintiff as

19  counsel for the CLASS;

20      2.      An award to Plaintiff and the CLASS of statutory damages pursuant

21  to 15 U.S.C. § 1681n for Defendants' willful violations (up to but not exceeding

22  the fullest extent allowed under the Constitution of the United States);

23      3.      An award to Plaintiff and the CLASS of punitive damages pursuant

24  to 15 U.S.C. § 1681n  (up to but not exceeding the fullest extent allowed under

25  the Constitution of the United States);

26      4.      Payment of costs of suit herein incurred pursuant to, *inter alia*, 15

27  U.S.C. § 1681n;

28

5.      Payment of reasonable attorney's fees pursuant to, *inter alia*, 15 U.S.C. § 1681n; and

6.      For such other and further relief as the Court may deem proper.

Dated: June 6, 2014                      CHANT & COMPANY
                                        A Professional Law Corporation

                                        By: _____
                                             CHANT YEDALIAN
                                           Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 6, 2014                      CHANT & COMPANY
                                         A Professional Law Corporation

                                        By: _____
                                             CHANT YEDALIAN
                                           Counsel for Plaintiff

**PROOF OF SERVICE**

1
2    I am employed in the county of Los Angeles, State of California. I am over
3    the age of eighteen years and not a party to the within action. My business address
4    is 1010 N. Central Ave., Glendale, CA 91202.
5        On **June 6, 2014** I served the following documents:
6    **FIRST AMENDED COMPLAINT**
7    on each of the following:

| Keith Pressman (Agent for Service of Process for ICE SPECIALTY ENTERTAINMENT, INC.) 409 Santa Monica Blvd, Ste. E, Santa Monica, CA 90401 | |
|---|---|

11   by the following means:
12   **X** by placing ___ the original **X** a true copy enclosed in a sealed envelope
13   addressed as stated above.
14   **X** **BY MAIL.** I deposited each such envelope in the mail in Los Angeles,
15   California. Each envelope was mailed with postage thereon fully prepaid.
16
17       Executed on **June 6, 2014** in Los Angeles, California.
18
19       I declare under penalty of perjury under the laws of the United States of
20   America that the foregoing is true and correct.
21   Chant Yedalian
22   _____
     Name                              Signature